UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY NEUMAN,

        Petitioner,        Case No. 1:12-cv-1276

v.        Honorable Paul L. Maloney

MARY BERGHUIS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Anthony Neuman presently is incarcerated at the West Shoreline Correctional Facility. The conviction at issue arose from a confrontation between Petitioner and certain deputies at the Muskegon County Jail, which occurred while Petitioner was being booked into the jail. Following a bench trial in the Muskegon County Circuit Court, Petitioner was convicted of one count of assault on a prison employee, MICH. COMP. LAWS § 750.197c, and two counts of resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81d(1). On November 10, 2008, he was sentenced, as a fourth felony offender, MICH. COMP. LAWS § 769.12, to a prison term of four years and six months to fifteen years for the assault, and two terms of three to fifteen years for the resisting-and-obstructing offenses.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising two claims: (1) the trial court abused its discretion by denying the motion to reopen the proofs; and (2) the trial court erred in ordering restitution without a finding that Petitioner was capable of paying restitution. In an unpublished opinion issued March 9, 2010, the court of appeals affirmed the convictions. Petitioner sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on July 26, 2010.

On November 17, 2010, Petitioner filed a motion for relief from judgment in the Muskegon County Circuit Court, claiming the following: (1) trial counsel was ineffective and appellate counsel was ineffective by failing to challenge the effectiveness of trial counsel; and (2) the ineffectiveness of appellate counsel constituted cause excusing his failure to raise the ineffective assistance of appellate counsel on direct appeal. The trial court denied the motion on December 27, 2010. Petitioner sought leave to appeal to the Michigan Court of Appeals. While his

appeal was pending, Petitioner filed two motions for relief from judgment, both of which were denied as successive on May 4, 2011 and July 25, 2011, respectively. The appeals from all three orders were consolidated. On November 22, 2011, the court of appeals denied leave to appeal the December 27, 2010 order because Petitioner had failed meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). In the same order, the court of appeals dismissed Petitioner's appeals from the May 4 and July 25, 2011 orders, because MICH. CT. R. 6.602(G) bars appeals from successive motions for relief from judgment. Petitioner sought leave to appeal to the Michigan Supreme Court, which was denied under MICH. CT. R. 6.508(D) on July 24, 2012.

Petitioner filed the instant habeas petition on July 24, 2012, raising the following grounds:

    I.    THE TRIAL COURT ABUSED IT[S] DISCRETION WHEN IT DENIED THE MOTION TO RE-OPEN THE PROOFS.

    II.    THE TRIAL COURT ERRED IN ORDERING RESTITUTION BECAUSE IT MADE NO FINDING THAT DEFENDANT IS CAPABLE OF PAYING RESTITUTION.

    III.    DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL, BECAUSE APPELL[ATE] COUNSEL FAILED TO RAISE THE ISSUE ABOUT TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE IN THE TRIAL.

(Am. Pet., docket #6, Page ID##75-76, 78.)

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for

writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

### I. Refusal to Reopen Proofs

In his first ground for habeas relief, Petitioner contends that, after a verdict was entered but before sentencing, a witness who had been subpoenaed for but did not appear at trial made contact with the defense. Petitioner moved to reopen the proofs to take the testimony of the witness. Petitioner asserted on appeal and in his current habeas petition that the court erred in denying his motion to reopen the proofs.

The following facts, which are consistent with Petitioner's brief on appeal and undisputed by Petitioner in his habeas petition, are taken from the opinion of the Michigan Court of Appeals:

> Defendant's convictions arose from a physical confrontation between defendant and Muskegon County Sheriff Deputies that occurred at the Muskegon County Jail while defendant was being booked for an unrelated offense. The prosecution alleged that defendant became violent during a confrontation concerning defendant's refusal to remove his boots during the booking process. In addition to officer testimony, the prosecution presented a videotape of the incident, narrated by one of the officers. Defendant denied being the aggressor, and maintained that the video had been altered. Taneka Sharp, a defense witness, maintained that she was in a holding cell when defendant was brought in. She did not see the beginning of the incident, but stated that she saw a deputy push defendant into a holding cell. Defendant threw his hands up "like he didn't want any trouble" before the officers sprayed defendant with pepper spray during the incident. Sharp stated that defendant fell on the guards because he could not see.

> After trial, but prior to sentencing, defendant moved to re-open the proofs in order to take the testimony of Daren Major, who also had allegedly witnessed the incident. Defendant maintains that the trial court abused its discretion when it denied the motion to reopen the proofs.

(3/9/10 Mich. Ct. App. Op. (MCOA Op.), docket #1-1, Page ID#48.

> The Michigan Court of Appeals denied Petitioner's appellate claim as follows:

> "Relevant in ruling on a motion to reopen proofs is whether any undue advantage would be taken by the moving party and whether there is any showing of surprise or prejudice to the nonmoving party." *People v Collier*, 168 Mich App 687, 694-695; 425 NW2d 118 (1988) (internal citation omitted). Other relevant factors include "whether conditions have changed . . . , whether newly discovered and material evidence is sought to be admitted, . . ., and the timing of the motion during the trial." *People v Moore*, 164 Mich App 378, 383-384; 417 NW2d 508 (1987); mod on other grounds 433 Mich 851 (1989).

> The trial court did not abuse its discretion in refusing to reopen the proofs after the verdict. Defendant has presented no support for a finding that the trial court may, much less should, be required to, reopen the proofs after a verdict in a criminal trial. Defendant does not claim that the evidence was newly discovered, so as to support a motion for a new trial. Defendant does not claim that counsel rendered ineffective assistance in deciding to forego Major's testimony, and defendant admits, as did defense counsel during the motion below, that the initial decision was deliberately strategic. In addition, defense counsel admitted below that the defense believed Sharp was "right across from [the incident]" and was in a good position to see what had occurred, and that Major's testimony was at least partly cumulative to the testimony of Sharp. Moreover, to the extent that Major had anything new to add, defendant did not present the trial court with an offer of proof as to Major's testimony, nor has he done so now. Any claim of prejudice to defendant is therefore speculative. Under these circumstances, the trial court's decision fell within the range of reasonable and principled outcomes and was not an abuse of discretion.

(*Id.*, Page ID#49 (footnote omitted).)

In both the Michigan state courts and here, Petitioner has alleged only a violation of state law. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state

facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because Petitioner's claim in both this Court and in the state courts was grounded solely in state law, his first habeas ground is not cognizable in this proceeding.

Nevertheless, even assuming that Petitioner had properly presented a federal constitutional issue to the state courts,[1] the state-court's decision to deny relief was neither contrary to nor an unreasonable application of established Supreme Court precedent. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268

---

[1] Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Petitioner did not present a federal claim to any state court.

Exhaustion is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.* Because Petitioner already has filed his one allotted motion under MICH. CT. R. 6.502(G)(1), the Court must consider whether there is cause and prejudice to excuse Petitioner's failure to present the claims in state court. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). As cause excusing his default, Petitioner raises the ineffective assistance of trial and appellate counsel. Because any evaluation of the effectiveness of counsel will require the Court to consider the merits of the underlying claim, the court will skip the procedural-default analysis and proceed directly to the merits of the claim. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.")).

F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). The Supreme Court has determined that a criminal defendant has the right to a "meaningful opportunity to present a complete defense . . .," which derives from the Sixth Amendment rights to compel and confront witnesses and from the Due Process Clause of the Fourteenth Amendment. *See California v. Trombetta*, 467 U.S. 479, 485 (1984), *quoted in Holmes v. S. Carolina*, 547 U.S. 319, 324 (2006); *see also Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Washington v. Texas*, 388 U.S. 14, 19 (1967) ("Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process law."). The Court, however, repeatedly has recognized that the right to present a defense is subject to reasonable restrictions. *See United States v. Scheffer*, 523 U.S. 303, 308 (1998); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) (the Sixth Amendment does not confer on the accused an "unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence"); *Rock v. Arkansas*, 483 U.S. 44, 55 (1987); *Chambers*, 410 U.S. at 295; *see also Wong v. Money*, 142 F.3d 313, 325 (6th Cir. 1998).

> [S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve. Moreover, we have found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused.

*Scheffer*, 523 U.S. at 308 (internal quotations omitted).

The state-court's refusal to reopen the proofs clearly was reasonable, proportionate, and non-arbitrary within the meaning of *Scheffer*, 523 U.S. at 308. The United States Supreme Court has never hinted, much less held, that a state court must reopen its proofs after a verdict under

any circumstances. And the entry of a verdict undoubtedly constitutes a reasonable restriction on a defendant's right to introduce evidence in his own defense, particularly where, as here, counsel made a deliberate and strategic decision to forego introducing the witness' testimony at the time of trial. The state-court's determination was neither contrary to nor an unreasonable application of established Supreme Court precedent.

 II. Restitution

In his second ground for habeas relief, Petitioner challenges the imposition of restitution without a finding that Petitioner was able to pay. Petitioner's second ground fails to state a cognizable habeas claim.

The habeas statute provides that a federal court may entertain a habeas application by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The essential purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Where a habeas petitioner is not claiming the right to be released from custody but is challenging the imposition of a fine or other costs, he may not bring a petition for writ of habeas corpus. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir.1995). Liability under a restitution order is like a fine-only conviction and is not a sufficient restraint on liberty to warrant habeas relief. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984); *see also Mullins v. Birkett*, No. 2:09-cv-12515, 2010 WL 764386, at *3 (E.D. Mich. Mar. 4, 2010) (citing *Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (holding that imposition of a restitution order as part of a California state sentence could not be challenged under the habeas statute because restitution did not affect the duration of habeas

petitioner's state custody)). If the appropriate relief for the alleged error would be an amendment to the court's order of restitution, rather than earlier release from custody, a writ of habeas corpus would be inappropriate. *Mullins*, 2010 WL 764386, at *2 (citing *United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998)); *see also United States v. Gianelli*, 543 F.3d 1178, 1184 n.7 (9th Cir. 2008) (stating that a federal prisoner "cannot present his claim for relief from [a] restitution order as a habeas petition because he is not seeking release from custody, and because review of restitution orders is not properly brought in a habeas petition"). Because Petitioner's claim concerning his restitution will have no effect on the fact or duration of his confinement, his second ground for relief is not subject to review in this proceeding.

### III. Ineffective Assistance of Trial and Appellate Counsel

In his third ground for habeas relief, Petitioner asserts that trial counsel was ineffective in failing to challenge the sufficiency of the evidence, failing to challenge the deletion of a portion of the video of the incident, and failing to produce Petitioner's key witness, Daren Major, at trial. Petitioner also asserts that appellate counsel was ineffective in failing to raise the issue of ineffective assistance of trial counsel in the direct appeal.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The

defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Petitioner fails to demonstrate either prong of the *Strickland* test. First, with respect to Petitioner's complaint regarding counsel's failure to ensure the presence of the missing witness, Petitioner has made no attempt to overcome the presumption that trial counsel's decision was sound trial strategy. *See id.* at 689. Indeed, as the Michigan Court of Appeals expressly found in its opinion on direct review, trial counsel's original decision to proceed without the witness was strategic, a fact that Petitioner still does not dispute. On habeas review, a determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Because he has failed to demonstrate any basis for concluding that counsel's decision was not strategic, Petitioner fails to satisfy the performance prong of *Strickland*.

In addition, Petitioner falls far short of demonstrating the necessary prejudice. As the Michigan Court of Appeals held on direct appeal, and as the trial court reiterated in its order denying relief from judgment, Petitioner's claim that he was prejudiced by the failure to produce Major's testimony is wholly speculative. (3/9/10 MCOA Op., docket #1-1, Page ID#49; 12/17/10 Cir. Ct. Ord., docket #1-1, Page ID#55.) At no time has Petitioner made an offer of proof suggesting that Major's testimony would have had any effect on the result. *Strickland*, 466 U.S. at 691. Petitioner therefore fails to demonstrate that trial counsel's failure alleged error was prejudicial.

Because he has shown neither inadequate performance nor prejudice, Petitioner fails to demonstrate the ineffective assistance of trial counsel. In addition, because trial counsel was not ineffective in failing to produce Major's testimony prior to the verdict, Petitioner cannot demonstrate that appellate counsel was ineffective in failing raise the argument on appeal. The Sixth Circuit has held that "'appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.'" *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). *See also Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010). For all these reasons, the state courts reasonably determined that neither trial nor appellate counsel were ineffective with respect to Major's testimony.

Petitioner next argues that both attorneys were ineffective in failing to challenge the sufficiency of the evidence and failing to object to the deletion of unspecified portions of the videotape. The trial court rejected both claims on a state procedural ground:

> Defendant makes cursory reference to the sufficiency of the evidence and deleted segments of a video, but because defendant has not provided any argument relating these alleged errors, the court considers them to be abandoned.

(12/17/10 Cir. Ct. Ord., docket #1-1, Page ID#55.) The Michigan Court of Appeals and Michigan Supreme Court both denied leave to appeal, concluding that Petitioner had failed to meet the burden of showing entitlement to relief under MICH. CT. R. 6.508(D).

Petitioner's claims are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster*, 324 F.3d at 436-37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

The Michigan courts long have applied the rule that a party abandons an issue where he merely mentions but fails to argue it in his brief. *See Mitcham v. Detroit*, 94 N.W.2d 388, 399 (Mich. 1959) (holding that a party may not simply "announce a position or assert an error and then leave it up to [the court] to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). *See also People v. Martin*, 721 N.W.2d 815, 840 (Mich. Ct. App. 2006) (upholding denial of motion for

relief from judgment because the defendant had abandoned his claim by failing to develop it); *People v. Harris*, 680 N.W.2d 17, 21 (Mich. Ct. App. 2004); *Houghton v. Keller*, 662 NW2d 854, 856 (Mich. Ct. App. 2003); *People v. Mackle*, 617 N.W.2d 339, 350 n.4 (Mich. Ct. App. 2000).

In his motion for relief from judgment, Petitioner described his claims in a single conclusory sentence:

> Here the failure of trial counsel to challenge the sufficiency of evidence, and evidence to support the stipulation deletation [sic] segments of the video that was used at trial to procure the conviction.

(Pet'r's Mot. for Relief from Jud., docket #1-1, Page ID#36.) Petitioner provided no specifics about either the facts or the arguments supporting his claims. (*Id.*) Petitioner therefore unquestionably failed to comply with a regularly enforced and independent state procedural requirement. The Michigan appellate courts subsequently entered standard orders invoking MICH. CT. R. 6.508(D).

In *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking MICH. CT. R. 6.508(D) are unexplained orders on the merits within the meaning of *Ylst*, 501 U.S. at 803. Absent an explained decision from a lower Michigan court applying the procedural prohibition of Rule 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of MCR 6.508(D). *See also McClellan v. Rapelje*, No.11-1841, 2013 WL 135362, at *4 (6th Cir. Jan. 11, 2013) (holding that a lower court decision that explicitly denies relief under an established state procedural rule overcomes the presumption set forth in *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (holding that "an unexplained summary order [of a state appellate court] is an adjudication on the merits for AEDPA purposes)).

Here, however, the trial court clearly issued an explained decision and expressly invoked the procedural default. The state-court appellate decisions under MICH. CT. R. 6.508(D) therefore are deemed to have affirmed on the same grounds. *See McClellan*, 2013 WL 135362, at *4. As a result, Petitioner's claim is procedurally defaulted.

If a petitioner has procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not asserted or shown cause excusing his procedural default, nor has he pointed to a fundamental miscarriage of justice. Because he has failed to overcome his procedural default, he is not entitled to habeas review of his remaining claims.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   January 25, 2013              /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge